Eastern District of Kentucky
FILED
JUN 06 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-466-JBC

JOSEPH MARK BOURNE,                                PETITIONER

V.                     **REPORT AND RECOMMENDATION**

BOYLE COUNTY JAIL,                              RESPONDENT

\* \* \* \* \*

### I.

Petitioner, Joseph Mark Bourne, *pro se*, has filed what appears to be a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket Entry Number [DE] #1) and has also filed a *pro se* motion for leave to proceed *in forma pauperis* [DE #2], and has filed another *pro se* motion identified as a "Grievance Motion." [DE #3].

In accordance with local practice, this matter has been referred to the undersigned United States Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts.

### II.

**A.**    **Habeas petition**

A review of petitioner's two-page, handwritten letter dated October 5, 2004, and addressed to the Federal District Clerk, liberally construed by the Clerk of the Court as a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, reflects that at that time, petitioner was in inmate at the Boyle County Jail, where he was in custody on criminal charges then pending in Boyle Circuit Court. Consequently, since petitioner has not presently been convicted of any offense in Boyle Circuit Court, his liberally construed habeas petition is premature.

In his habeas petition, petitioner also moves this court to advance his case on the docket or for a change of venue. Additionally, petitioner requests the appointment of counsel to assist him in his federal habeas petition.

Petitioner may fail to appreciate that at this juncture, a federal district court is unauthorized to grant him the relief he requests. A federal district court is not authorized to interfere with the docket of the Boyle Circuit Court and is not authorized to change the venue of the criminal charges pending against petitioner in Boyle Circuit Court. Furthermore, since petitioner's habeas petition was prematurely filed, the Magistrate Judge concludes that petitioner, at the present time, is not entitled to the appointment of counsel.

**B.     Grievance motion**

In this motion, petitioner requests this court to appoint counsel for him who can work on his case pending in Boyle Circuit Court. As grounds for this request, petitioner states that the attorney who has been appointed to represent him "is not doing her job." Grievance Motion, p. 1. Petitioner also requests injunctive relief against the Boyle Circuit Court concerning the criminal charges pending against him in that court. Specifically, petitioner requests this court to order that he be released from the Boyle County Jail so he can clear up the misunderstanding concerning the felon in possession charge pending against him in Boyle Circuit Court.

Concerning petitioner's request for the appointment of counsel to work on his case in Boyle Circuit Court, at this juncture, the federal district court is unauthorized to appoint counsel for petitioner. Since it appears that the Boyle Circuit Court has already appointed counsel for petitioner, if petitioner is dissatisfied with the performance of his counsel, his recourse is to request the Boyle Circuit Court to appoint new counsel for him.

Concerning petitioner's request for injunctive relief in the form of an order releasing him from the Boyle County Jail, again, the federal court is presently not authorized to enter an order directing that petitioner be released from the Boyle County Jail. If, for whatever reason, petitioner believes that he should be released from custody and/or that the criminal charges pending against him in Boyle Circuit Court have not been resolved as expeditiously as petitioner believes they should have been, petitioner's recourse is to seek relief from the Kentucky Court of Appeals and/or the Kentucky Supreme Court.

Accordingly, **IT IS RECOMMENDED** that petitioner's motion for leave to proceed *in forma pauperis* [DE #2] be **DENIED**, that petitioner's motion identified as a "Grievance Motion" [DE #3] be **DENIED**, that petitioner's liberally construed Petition for a Writ of Habeas Corpus [DE #1] be **DENIED**, and that this action be **DISMISSED WITHOUT PREJUDICE** *sua sponte* and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 6th day of June, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE